**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STANLEY L. WADE,

        Petitioner-Appellant,

v.

REGIONAL DIRECTOR, INTERNAL
REVENUE SERVICE – OGDEN,

        Respondent-Appellee.

No. 11-4184
(D.C. No. 1:08-CV-00148-CW)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH** and **HOLLOWAY**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

      Stanley L. Wade appeals from the district court's order granting summary

judgment in favor of the Regional Director of the IRS on his petition filed under the

Mandamus Act, 28 U.S.C. § 1361, on the basis that the petition is barred by the

Anti-Injunction Act, 26 U.S.C. § 7421(a).  We have jurisdiction under 28 U.S.C.

§ 1291.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Mr. Wade, acting pro se, filed a mandamus proceeding in the district court to challenge the IRS's assessment of millions of dollars in additional tax liability following his criminal conviction on charges of tax evasion for tax years 1997, 1998, and 1999, and his subsequent payment of the millions of dollars of estimated taxes outlined in the presentence report prepared in advance of his June 2005 sentencing. He sought an order from the district court directing the IRS to withdraw tax liens filed against certain of his properties and to desist from further tax collection efforts.

Before filing an answer, the IRS moved to dismiss Mr. Wade's mandamus petition under Fed. R. Civ. P. 12(b)(1), (5) and (6). *See generally* Aplt. App. at 12-21. The IRS argued that the district court lacked subject matter jurisdiction because the petition was barred by the doctrine of sovereign immunity and, because Mr. Wade sought to restrain the assessment or collection of taxes, the petition was also barred by the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and the Anti-Injunction Act, 26 U.S.C. § 7421(a). The IRS also argued that the petition should be dismissed because Mr. Wade had failed to perfect service of process. Finally, the IRS argued that the petition failed to set forth a claim upon which relief could be granted. Mr. Wade argued in response that service had been perfected. Aplt. App. at 22. He further argued that the doctrine of sovereign immunity did not apply. In addition, he argued that his petition was not barred by the Declaratory Judgment Act or the Anti-Injunction Act because: (1) the IRS's collection efforts

- 2 -

exceeded the applicable statute of limitations; (2) the IRS was estopped from assessing more taxes than he had already paid for the same tax years based on the outline in the presentence report in his criminal case; and (3) he was faced with irreparable harm arising from the tax liens on his properties, so no adequate legal remedy was available.

The magistrate judge recommended that the IRS's motion to dismiss be granted. *Id.* at 35. But based solely on the face of the petition and accepting all well-pleaded facts as true, the district court disagreed and denied the IRS's motion. *Id.* at 92, 99. The court held that Mr. Wade's petition stated a claim to enjoin an illegal tax under the Mandamus Act, 28 U.S.C. § 1361. *See* Aplt. App. at 98-99. The court pointed out that Mr. Wade alleged "that he filed income tax returns for the tax years in question more than three years before the IRS attempted to assess additional tax," so the IRS's additional collection efforts would be outside of the statute of limitations. *Id.* at 97. The court further noted that Mr. Wade also alleged "that the IRS calculated the taxes he owed as part of his sentencing, that the court ordered him to file tax returns, that he did so and paid in full." *Id.* 98. The court also held that sovereign immunity did not bar Mr. Wade's claim for mandamus relief seeking to require a federal official to perform a legal duty, *id.* at 96, and that his claim also was not barred by the Declaratory Judgment Act, *id.* at 96-97. Finally, the court held that Mr. Wade's allegations, taken as true at the dismissal stage, met a narrow exception to the Anti-Injunction Act's jurisdictional bar. *See* Aplt. App. at 93-95, 97-98. The

- 3 -

court denied the IRS's motion for reconsideration, stating that "the court went to great efforts in its previous order to explain that its analysis does not go beyond Mr. Wade's allegations and that its ruling was based on those allegations alone." *Id.* at 102.

The IRS then filed its answer to Mr. Wade's mandamus petition, and discovery began. Mr. Wade filed a motion to compel, asserting that the IRS refused to comply with his discovery requests. *Id.* at 135. While that motion was being briefed, the IRS filed a motion for summary judgment, presenting evidence that Mr. Wade owed more in taxes, fraud penalties, and interest for the relevant years than he had paid based on the amounts listed in his presentence report, and arguing that his mandamus petition was barred by the Anti-Injunction Act. *See id.* at 140, 148-49, 237-321. While the motion for summary judgment was being briefed, the magistrate judge denied Mr. Wade's motion to compel discovery because his requests were untimely and some of them related to his wife, who was not a party to his mandamus action. *Id.* at 345-48. Mr. Wade filed objections to the magistrate judge's decision denying further discovery, *id.* at 353, which the district court summarily rejected, *id.* at 386.

The magistrate judge then issued a report and recommendation that the IRS's motion for summary judgment should be granted. *Id.* at 389. The magistrate judge explained that "[t]he Anti-Injunction Act withdraws all courts' jurisdiction over suits filed 'for the purposes of restraining the assessment or collection of any tax.'" *Id.* at 398 (quoting 26 U.S.C. § 7421(a)). The magistrate judge also thoroughly

explained why Mr. Wade's mandamus challenge did not meet the narrow exception to the Anti-Injunction Act's jurisdictional bar outlined by the Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1 (1962).  Aplt. App. at 398-409.  In particular, the magistrate judge explained that the presentence report in Mr. Wade's criminal case included reasonable estimates of the taxes he owed to assist the trial court in fashioning an appropriate sentence, but the judgment in his criminal case neither imposed an order of restitution nor determined the merits of his tax liability for the relevant years.  *Id.* at 400-03.  The magistrate judge also noted that the general three-year statute of limitations is tolled indefinitely under 26 U.S.C. § 6501(c)(1) in cases involving false or fraudulent returns, such as this one, and that due to Mr. Wade's criminal conviction for tax evasion for tax years 1997, 1998, and 1999, he was prevented by 26 U.S.C. § 6663(b) from challenging fraud penalties assessed for those same tax years in this civil action.  Aplt. App. at 404-06.  The magistrate judge concluded that Mr. Wade had failed to show that he met either part of the two-part exception to the Anti-Injunction Act's jurisdictional bar that the Supreme Court established in *Williams Packing*.  Aplt. App. at 406-07.

Mr. Wade filed objections to the magistrate judge's recommendation, *id.* at 413, and a reply to the IRS's response in opposition to his objections, *id.* at 429, but the district court denied Mr. Wade's objections, *id.* at 434.  The court adopted the magistrate judge's recommendation, entered summary judgment in favor of the IRS,

and entered a judgment stating that Mr. Wade's cause of action was dismissed. *Id.* at 438. Mr. Wade appeals, appearing through counsel.

## II. Issues on Appeal and Standards of Review

Mr. Wade argues on appeal that the district court erred by granting summary judgment in favor of the IRS because: (1) the IRS is collaterally estopped from attempting to assess and collect more taxes; (2) the statute of limitations precludes the IRS from assessing or collecting more taxes; and (3) his mandamus petition is not barred by the Anti-Injunction Act. He also argues (4) that he was wrongly precluded from pursuing discovery.

"We review a district court's grant of summary judgment de novo, applying the same legal standard as the district court." *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 997 (10th Cir. 2011). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "In applying this standard, we view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Id.* "We review de novo both the district court's determination of subject-matter jurisdiction and its ruling on the applicability of a statute of limitations." *Rio Grande Silvery Minnow (Hybognathus amarus) v. Bureau of Reclamation*, 599 F.3d 1165, 1175 (10th Cir. 2010). "Whether the . . . Anti-Injunction Act[] bar[s Mr. Wade's] claim is a question of law that we review de novo." *Ambort v. United States*,

392 F.3d 1138, 1140 (10th Cir. 2004). We review the district court's discovery ruling for an abuse of discretion. *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1188-89 (10th Cir. 2010); *cert. dism'd*, 132 S. Ct. 64 (2011).

## III. Discussion

Mr. Wade argues that he meets the *Williams Packing* exception to the Anti-Injunction Act's jurisdictional bar. We disagree and affirm the analysis set forth by the magistrate judge and adopted by the district court.

The Supreme Court has repeatedly reaffirmed that the *Williams Packing* exception allows the IRS's attempted tax collection to be enjoined only where "it is clear that *under no circumstances* could the Government ultimately prevail, . . . [and] equity jurisdiction otherwise exists." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 12-13 (2008) (emphasis added) (internal quotation marks omitted); *see also Wyo. Trucking Ass'n, Inc. v. Bentsen*, 82 F.3d 930, 933 (10th Cir. 1996) (citing *Alexander v. Ams. United Inc.*, 416 U.S. 752, 758 (1974), for the same formulation of the *Williams Packing* exception). Mr. Wade's allegations that he had paid all the taxes he owed were sufficient to withstand the IRS's motion to dismiss. But his allegations, even though they may be verified, *see* Aplt. App. at 366, are not sufficient to withstand the government's motion for summary judgment.

When a defendant files a motion to dismiss, the court accepts the plaintiff's well-pleaded facts as true and construes them in the light most favorable to him.

- 7 -

*Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). At summary judgment, however, the legal standards are different. "The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact." *Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002). But "[o]nce the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial." *Id.* Accordingly, the district court warned Mr. Wade in its order denying the government's motion to dismiss that "to maintain his action[,] Mr. Wade will be required to produce evidence to support his allegations." Aplt. App. at 98.

Mr. Wade has failed to produce evidence showing that the amount of taxes he paid was indeed all that he owed. And he has not produced any legal authority holding that the estimated amounts set out in a presentence report prepared for use at sentencing in a prosecution for tax evasion are a binding determination of tax liability. *See* Pet. Opening Br. at 24. Moreover, he has not shown that the general three-year statute of limitations applies to this case. *See id.* at 22-24.

In light of our determination that the Anti-Injunction Act barred Mr. Wade's mandamus claim, we need not address his other arguments.

The judgment of the district court is AFFIRMED in all respects, except that we REMAND for the district court to revise the judgment to clarify that the petition was dismissed without prejudice for lack of subject matter jurisdiction.

                                        Entered for the Court


                                        William J. Holloway, Jr.
                                        Circuit Judge